J-S31021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHAD BRADLEY DICKSON, | |
| Appellant | No. 1240 MDA 2014 |

Appeal from the PCRA Order entered July 3, 2014,
in the Court of Common Pleas of Luzerne County,
Criminal Division, at No(s): CP-40-CR-0000007-2010

BEFORE:  BENDER, P.J.E., ALLEN, and WECHT, JJ.:

MEMORANDUM BY ALLEN, J.:                    **FILED MAY 15, 2015**

Chad Bradley Dickson ("Appellant") appeals from the order denying his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-9546.  PCRA counsel has also filed a motion to withdraw.  We grant PCRA counsel's petition to withdraw and affirm the PCRA court's order denying post-conviction relief.

The pertinent facts and procedural history have been summarized as follows:

> On March 30, 2011, Appellant appeared before the trial court and entered a *nolo contendere* plea to one count of [forgery].  Within that plea, Appellant did not contest the charges that, sometime between November 2, 2007 and November 16, 2007, while an inmate at the Pennsylvania State Correctional Institution, Retreat ("SCI Retreat"), [he] created a counterfeit check in the amount of $4,900.00. Appellant was sentenced that same day.

Additionally, during both his plea colloquy and sentencing hearing, testimony was presented regarding similar infractions perpetrated by Appellant, wherein [he] apparently used the typewriter within his cell to counterfeit materials. As a result, within discussions resulting in his sentence and plea agreement, the Commonwealth informed Appellant that, assuming that [he] would be sentenced to incarceration, the Commonwealth intended to request, either from the trial court or from the Department of Corrections, that Appellant not be permitted to use a typewriter within his cell. When the topic arose at sentencing, Superintendent McGrady explained to the trial court that, if Appellant were restricted to use of the typewriter in the [prison] library, as opposed to one in his cell, then department of corrections authorities would be able to monitor his use of the typewriter to the best of their ability. Authorities, however, would have no access or means to monitor Appellant's use of a typewriter within his cell without having to do cell searches on a daily basis.

The trial court accepted Appellant's plea as knowingly and voluntarily entered and sentenced him to 10 to 20 months' incarceration and [a consecutive twelve-month probationary term. At the conclusion of Appellant's sentencing hearing, as a condition of his sentence, the trial court restricted Appellant to use of only the prison library typewriter].

Appellant then filed a counseled post-sentence motion and a *pro se* motion to withdraw his guilty plea. The trial court denied both motions.

*Commonwealth v. Dickson*, 60 A.3d 847 (Pa. Super. 2012), unpublished memorandum at 2-3 (citations and footnote omitted).

Appellant filed a timely appeal to this Court. On September 10, 2012, "[b]ecause we [held] that the portion of Appellant's sentence restricting his right to use a typewriter while incarcerated [was] illegal, we [vacated] that portion of the sentence and [affirmed] the remaining aspects of the

judgment of sentence." ***Dickson***, unpublished memorandum at 1. Neither Appellant nor the Commonwealth filed a petition for allowance of appeal.

The PCRA court summarized the subsequent procedural history as follows:

> [Appellant] filed a PCRA Petition on January 14, 2013, that was ultimately withdrawn by [Appellant] after consultation with his counsel, John Hakim, on September 5, 2013. [Appellant also withdrew all ineffective assistance claims he had raised against trial counsel.] [Appellant] filed a second PCRA Petition on November 19, 2013. []
>
> ***
>
> Thereafter, the Court issued [Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition] on May 29, 2014. On July 2, 2014 the Court issued an Order, without hearing and after review of [Appellant's] PCRA Petition, Memorandum of Law, and [Appellant's] Response to the [Pa.R.Crim.P.] 907 Notice, and denied and dismissed the PCRA Petition.
>
> Following the dismissal, [Appellant] filed a pro se Appeal to the PCRA dismissal on July 18, 2014. Attorney John Hakim was still counsel of record having previously represented [Appellant] for PCRA purposes. When he was advised of the Pro-Se appeal, he filed a Motion for Appointment of Appellate Counsel. The Court, having full knowledge of the Pro-Se Appeal and that the filing was actually hybrid representation in that [Appellant] continued to be represented by Attorney Hakim, issued an Order on August 1, 2014 and appointed [present counsel] to represent [Appellant] in all pending appellate matters. []
>
> The Superior Court issued an Order dated August 22, 2014, directing the Trial Court to conduct a [***Grazier***] Hearing and make a determination as to whether [Appellant] is entitled to and desires counsel on appeal. At the [***Grazier***] hearing, [present counsel] appeared and indicated to the Court that he was in possession of all materials and documents necessary to prepare and file the brief for the appeal. The Court conducted a colloquy [with

- 3 -

Appellant,] and reviewed the Remand Order with [Appellant] and assured [him] that his appellate rights remained intact and [Appellant] indicated he had the opportunity to speak with [present counsel] and was satisfied that he could adequately prepare the Appellate Brief in this matter. The Trial Court issued an Order on September 30, 2014, verifying that [Appellant] was represented in appellate matters and Ordered that [present counsel] file [] Appellant's brief within twenty five (25) days.

PCRA Court Opinion, 9/30/14, at 1-3 (footnote omitted).

In lieu of an advocate's brief, Appellant's counsel has filed a purported "**NO MERIT/TURNER FINLEY BRIEF**" and a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Thus, we will assess counsel's assertion that Appellant's appeal is frivolous under a **Turner**/**Finley** analysis.

Our Supreme Court has explained:

These cases establish the procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions. Independent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:

1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his [or her] review;

2) A "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;

3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;

4) The PCRA court conducting its own independent review of the record; and

- 4 -

> 5) The PCRA court agreeing with counsel that the petition was meritless.

***Commonwealth v. Pitts***, 981 A.2d 875, 876 n.1, (Pa. 2009) (citations omitted).   Here, counsel has complied with the mandates of ***Turner*** and ***Finley***, as summarized in ***Pitts***, ***supra***.[1]   We therefore must determine whether we agree with counsel's assessment of Appellant's ineffectiveness claim.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 870 A.2d 795, 799 n.2 (Pa. 2005).   The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.   ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001).   Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that the petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence.   ***Commonwealth v. Jordan***, 772 A.2d 1011 (Pa. Super. 2001).

---

[1] PCRA counsel attached a copy of his letter to Appellant to his petition to withdraw.   ***See generally***, ***Commonwealth v. Liebensperger***, 904 A.2d 40 (Pa. Super. 2006).

PCRA counsel asserts that, because Appellant is no longer serving any portion of his sentence at issue, he is ineligible for PCRA relief. ***See*** 42 Pa.C.S.A. § 9543 (a)(1)(i). Our review of the record supports counsel's conclusion. As stated by the PCRA court:

> In reviewing the procedural history of the case at bar, it is abundantly clear that [Appellant's] sentence of incarceration expired on November 30, 2012 and the additional one year probation expired on November 30, 2013. [Appellant] filed the PCRA petition on November 19, 2013. [Appellant's] probation sentence expired eleven (11) days after he filed the PCRA. At the time that the court issued the [Pa.R.Crim.P. 907 notice], the sentence to the one (1) count of [forgery] had expired.

PCRA Court Opinion, 9/30/14, at 5. We agree.

As our Supreme Court has recently explained:

> Eligibility for relief under the PCRA is dependent upon the petitioner currently serving a sentence of imprisonment, probation, or parole for the crime. 42 Pa.C.S. § 9543(a)(1)(i); [***Commonwealth v. Ahlborn***, 699 A.2d 718, 720, (Pa. 1997)] (holding that the plain language of this section requires the denial of relief for a petitioner who has finished serving his sentence).

***Commonwealth v. Turner***, 80 A.3d 754, 761-62. Moreover, "[t]he [PCRA] statute clearly contemplates that the petitioner will be serving a sentence at both the pleading and proof stages of the proceeding." ***Ahlborn***, 699 A.2d at 720. Thus, as soon as a PCRA petitioner has completed his or her sentence, he or she is no longer eligible for relief despite the pendency of his or her petition. ***See***, ***e.g.***, ***Turner***, 80 A.3d at 769 (holding PCRA petitioner's eligibility for relief expired two days after she filed her PCRA

petition); ***Ahlborn***, 699 A.2d at 719-20 (holding that petitioner was ineligible for PCRA relief when, following the filing of a PCRA petition and the scheduling of an evidentiary hearing, he was unconditionally released from prison).

Our review of the record supports the conclusion of both present counsel and the PCRA court that Appellant is no longer eligible for post-conviction relief because he completed his sentence eleven days after he filed his PCRA petition.  We therefore grant present counsel's petition to withdraw, and affirm the PCRA court's order dismissing Appellant's PCRA petition.

Petition granted.  Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/15/2015